**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC | § | Case No. 2:14-cv-00713-JRG-RSP |
| | § | (LEAD CASE) |
| *Plaintiff,* | § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § | |
| | § | |
| FARMERS GROUP, INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| TRAFFIC INFORMATION, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Case No. 2:14-cv-00718-JRG-RSP |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| STATE FARM INTERNATIONAL | § | |
| SERVICES, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT STATE FARM INTERNATIONAL SERVICES, INC.'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ............................................................................................... 1

II.    BACKGROUND FACTS .................................................................................... 3

III.   ARGUMENT ...................................................................................................... 5

       A.  The Legal Standard for Personal Jurisdiction. ................................................ 5

       B.  No General Jurisdiction over SFIS Exists in Texas ......................................... 6

       C.  No Specific Jurisdiction over SFIS Exists in Texas. ....................................... 8

IV.    CONCLUSION AND PRAYER ......................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358, 1361 (Fed. Cir. 2012) ...............................................................2, 6, 8

*Am. Type Culture Collection, Inc. v. Coleman*,
83 S.W.3d 801 (Tex. 2002)............................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................8

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008)....................................................................................6

*Bluestone Innovations Texas, LLC v. Formosa Epitaxy, Inc.*,
2011 U.S. Dist. LEXIS 112566 (E.D. Tex. Sept. 30, 2011) ......................................7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................................................................................................5, 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)............................................................................................ passim

*Patent Rights Protection Group, LLC v. Video Gaming Techs., Inc.*,
603 F.3d 1364 (Fed. Cir. 2010)...................................................................................5, 6

*Revell v. Lidov*,
317 F.3d 467 (5th Cir. 2002) ......................................................................................5, 6

*The Campbell Pet Co. v. Miale*,
542 F.3d 879 (Fed. Cir. 2008)..........................................................................2, 6, 7, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ....................................................................1

Defendant State Farm International Services, Inc. ("SFIS") presents this Motion to Dismiss for Lack of Personal Jurisdiction, and respectfully shows the Court as follows:

## I.      INTRODUCTION

Plaintiff Traffic Information LLC's ("Traffic") complaint for patent infringement against SFIS should be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).   Traffic's complaint is subject to dismissal for lack of personal jurisdiction unless Traffic shows that SFIS has sufficient contacts with Texas to establish either general jurisdiction or specific jurisdiction.

Traffic's allegations do not establish that SFIS has contacts with Texas sufficient to exercise general jurisdiction.   For general jurisdiction, Traffic must show that SFIS has "continuous and systematic" business contacts with Texas.   At the very least, those contacts must be more substantial than those held insufficient to establish general jurisdiction in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).   Though Traffic makes a conclusory allegation that SFIS "is doing business in this judicial district" (Complaint, ECF No. 1, ¶ 7), this allegation is incorrect and wholly unsubstantiated.

SFIS has engaged in virtually no appreciable business activity in Texas, much less activities that are more "continuous and systematic" than the activities found insufficient in *Helicopteros*.   Traffic correctly states, SFIS is incorporated in Arizona, with its principal place of business in Bloomington, Illinois.   (Complaint, ECF No. 1, ¶ 2).   However, SFIS operates no facilities or systems in the State of Texas.[1]   SFIS does not employ anyone in Texas, does not

---

[1]   Declaration of Michael J. Smith in Support of Defendant State Farm International Services, Inc.'s Motion to Dismiss ("Smith Decl."), ¶ 4.

offer any products or services in Texas, and generates no revenue from customers in Texas. (*Id.*, ¶ 5). It does not provide any traffic related services in Texas. (*Id.*, ¶ 6).

Traffic's allegations also do not establish that SFIS has sufficient contacts with Texas to establish specific jurisdiction. For specific jurisdiction, Traffic must show: (i) that SFIS purposefully directed activities at Texas, (ii) that Traffic's patent infringement claim arises out of or relates to those activities, and (iii) that the assertion of personal jurisdiction is reasonable and fair. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012); *The Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). Traffic claims that SFIS infringes U.S. Patent No. 6,785,606 ("the '606 Patent") "by making, using, selling, offering to sell and/or importing, and/or causing others to make and/or use" accused products, defined as "traffic information systems, software, products and/or services." (Complaint, ECF No. 1, ¶ 11). Moreover, Traffic claims that SFIS indirectly infringes the '606 Patent by "inducing end users . . . through their use of the Accused Products . . . to display traffic information on the display of a mobile device." (*Id.*, ¶ 12.) SFIS, however, does not purposefully direct its activities at Texas, and Traffic's patent infringement allegations cannot arise out of or relate to such activities. In fact, SFIS has *virtually* no contacts with the State of Texas. It operates no facilities or systems in Texas, employs no one in Texas, offers no products or services in Texas, generates no revenue from customers in Texas, and does not provide any traffic related services in Texas. (Smith Decl., ¶¶ 4–6.)

Because Traffic has not shown that SFIS has sufficient "minimum contacts" with Texas to establish either general or specific jurisdiction, this Court should dismiss Traffic's patent infringement claims against SFIS for lack of personal jurisdiction.

## II.   BACKGROUND FACTS

1.    Traffic filed a Complaint in this case on June 25, 2014, naming State Farm International Services, Inc. as the defendant.  (Complaint, ECF No. 1, ¶ 2).

2.    Traffic's complaint alleges that SFIS infringed the '606 Patent both directly and indirectly.  (*Id.*, ¶¶ 10–12.)

3.    The '606 patent relates to providing traffic information to mobile users.[2]

4.    Traffic's complaint alleges that SFIS infringes the '606 Patent based on products and/or services "covered by at least one claim of the '606 [P]atent."  (*Id.*, ¶ 11.)

5.    Traffic's complaint alleges that SFIS indirectly infringes the '606 Patent by "inducing end users . . . to display traffic information on the display of a mobile device."  (*Id.*, ¶ 12).

6.    Traffic's complaint includes only general allegations regarding the Court's personal jurisdiction over SFIS.  (*Id.*, ¶¶ 5–7.)  First, Traffic alleges that SFIS has "solicited business in the States of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas."  Second, Traffic alleged that SFIS "has placed its infringing product into the stream of commerce throughout the United States with the expectation that it will be used by consumers in th[e] judicial district." Finally, Traffic alleges that SFIS is "subject to personal jurisdiction and is doing business in this judicial district."

7.    SFIS is not a resident of the State of Texas.  SFIS is incorporated in Arizona, with its principal place of business in Bloomington, Illinois.  (Smith Decl., ¶ 3.)  SFIS does not

---

[2]  *See* the '606 Patent, ¶16 ("The present invention . . . provid[es] a system for providing traffic information to a plurality of users connected to a network.").

operate any facility or system in Texas, and does not generate revenue from customers in Texas.
(*Id.*, ¶¶ 4–5.)

8.  SFIS employs no one in the State of Texas.  (Smith Decl., ¶ 5.)  In this case,
Traffic served process on SFIS in ***Illinois***, not Texas.  (Complaint, ECF No. 1, ¶ 2).

9.  SFIS is not engaged in continuous and systematic business activities in the State
of Texas.  In addition to having no facilities or systems, customer revenue, or employees in
Texas, SFIS does not offer any product or service in Texas and does not provide any traffic
related services in Texas.  (Smith Decl., ¶¶ 5–6.)

10.  Traffic alleges that SFIS has directly infringed the '606 Patent "by making, using,
selling, offering to sell and/or importing, and/or causing others to make and/or use" accused
products, defined as "traffic information systems, software, products and/or services."
(Complaint, ECF No. 1, ¶ 11).  Moreover, Traffic claims that SFIS indirectly infringes the '606
Patent by allegedly "inducing end users . . . through their use of the Accused Products . . . to
display traffic information on the display of a mobile device."  (*Id.*, ¶ 12.)

11.  Traffic's alleged infringement by SFIS does not arise out of or relate to any acts
committed in Texas.  SFIS operates no facilities or systems, offers no products or services, and
does not provide any traffic related services in Texas.  (Smith Decl., ¶¶ 4–6.)

12.  Traffic's alleged infringement does not arise out of or relate to any activities that
SFIS purposely directed at residents of Texas.   SFIS is incorporated in Arizona and maintains its
principal place of business in Illinois.  (*Id.*, ¶ 3.)  SFIS does not generate any revenue from
customers in Texas.  (*Id.*, ¶ 5.)

4

## III.    ARGUMENT

### A.    The Legal Standard for Personal Jurisdiction.

Traffic's patent infringement suit against SFIS should be dismissed for lack of personal jurisdiction.  Federal Circuit law governs the issue of personal jurisdiction in patent cases.  *See Patent Rights Protection Group, LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1368 (Fed. Cir. 2010).  A federal court cannot exercise personal jurisdiction over a nonresident defendant unless: (1) the long-arm statute of the forum state confers jurisdiction; and (2) exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution.  *Id.*  In Texas, the long-arm statute authorizes the exercise of jurisdiction "'as far as the federal constitutional requirements of due process will allow.'"  *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (internal citation omitted).  Accordingly, analyzing personal jurisdiction under Texas's long-arm statute and federal due process requirements collapses into a single inquiry.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 412–13 (1984).

The due process inquiry examines a defendant's minimum contacts with the forum state to determine whether those contacts are sufficient to confer "general" or "specific" jurisdiction over the defendant.  *See Helicopteros*, 466 U.S. at 414; *Patent Rights Protection Group*, 603 F.3d at 1369; *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).  The constitutional requirement for sufficient minimum contacts guarantees a nonresident defendant will not be compelled to defend a suit in a jurisdiction based solely on random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Even if a defendant has sufficient minimum contacts with a forum state, that does not end the jurisdictional inquiry.  The Court must also consider whether imposing personal jurisdiction nonetheless offends traditional notions of fair play and substantial justice.  *Burger King Corp.*, 471 U.S. at 476.  This undertaking is required because even when a nonresident defendant has purposely established minimum contacts with the forum state, exercising jurisdiction may not be fair and reasonable under the facts in a particular case.  *Patent Rights Protection Group*, 603 F.3d at 1369 (quoting *Burger King Corp.*, 471 U.S. at 477–78).

Here, Traffic has not carried its burden of establishing that this Court has personal jurisdiction over SFIS.  *Revell*, 317 F.3d at 470.  As demonstrated below, Traffic has made only conclusory allegations to establish personal jurisdiction over SFIS.  *See AFTG-TG*, 689 F.3d at 1361 (rejecting a "bare formulaic accusation" as a basis for personal jurisdiction).  To the extent Traffic's allegations are not deficient because they are entirely conclusory; the allegations are incorrect and contradicted by the evidence submitted by SFIS.  Because Traffic has not carried its burden to show that SFIS has sufficient minimum contacts with Texas to exercise "general" or "specific" jurisdiction over SFIS, this Court should grant SFIS's motion to dismiss for lack of personal jurisdiction.

### B.    No General Jurisdiction over SFIS Exists in Texas

A plaintiff bears a high burden to establish the minimum contacts necessary to establish general jurisdiction.  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008).  A court does not have general jurisdiction over a defendant business entity unless the defendant has contacts with the forum state that qualify as "continuous and systematic general business contacts."  *Campbell Pet Co.*, 542 F.3d at 883.  The Supreme Court has held that even substantial contacts with the forum state are insufficient to support general jurisdiction over a nonresident defendant.  In *Helicopteros*, the Supreme Court concluded the plaintiffs could not

6

establish *general* jurisdiction over the nonresident defendant in Texas even though the defendant had, over a six–year period, purchased helicopters (comprising approximately 80% of its fleet), spare parts, and accessories directly from a Texas company; sent its pilots to Texas for training; sent management and maintenance personnel to Texas for technical consultations; and received a check for more than $5 million that was drawn on a Texas bank.  466 U.S. at 411.  The Court concluded that none of those contacts were substantial enough individually, or combined, to impose general jurisdiction upon the nonresident defendant.  *Id.* at 416–19.  Following *Helicopteros*, courts have declined to exercise general jurisdiction where the contacts with the forum state are not shown to be as substantial as those identified in *Helicopteros*.  *See, e.g.*, *Campbell Pet Co.*, 542 F.3d at 884 (Federal Circuit declined to exercise general jurisdiction based on commercial web site activities where the "degree of commercial activity is far short of the amount present in the *Helicopteros Nacionales* case"); *Bluestone Innovations Texas, LLC v. Formosa Epitaxy, Inc.*, 822 F. Supp. 2d 657, 662 (E.D. Tex. 2011) (general jurisdiction did not exist where the defendant had no physical presence in Texas, no license to do business in Texas and the plaintiff did not show more substantial contacts with Texas than those that existed in *Helicopteros*).

Traffic has not shown, or even alleged, that SFIS has the level of continuous and systematic business contacts with Texas necessary for this Court to exercise general jurisdiction. Nor has Traffic provided any supported factual allegations of any contact between SFIS and the State of Texas.  Traffic's allegation that SFIS has solicited or transacted business within Texas is unsupported and contradicted by the evidence.  *See* Complaint for Patent Infringement ¶ 5 (ECF No. 1).  SFIS operates no facilities or systems in Texas.  (Smith Decl., ¶ 4.)  SFIS is incorporated in Arizona, with its principal place of business in Bloomington, Illinois.  (*Id.*, ¶ 3.)  SFIS

employs no one in Texas, offers no products or services in Texas, and generates no revenue from customers in Texas.  (*Id.*, ¶ 5.)  Indeed, in this case, Traffic failed to identify a Texas address for service of process and instead listed an address in ***Illinois***.  (Complaint, ECF No. 1, ¶ 2).

Thus, the evidence shows that SFIS has not engaged in ***any*** business activity in Texas, much less the level of continuous and systematic business activities required to support general jurisdiction in view of the extensive activities rejected in *Helicopteros*.  Against this standard, SFIS is not subject to general jurisdiction in Texas.

### C.   No Specific Jurisdiction over SFIS Exists in Texas.

SFIS also lacks sufficient activities to establish specific jurisdiction in Texas.  "Specific jurisdiction entails a three-part test: (1) whether the defendant purposefully directs activities at the forum's residents; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair."  *AFTG-TG, LLC*, 689 F.3d at 1361; *The Campbell Pet Co.*, 542 F.3d at 884.  In *AFTG-TG, LLC*, the Federal Circuit rejected both specific and general jurisdiction where the defendant had sporadic contacts resulting from isolated shipments requested by third parties.  689 F.3d at 1365.

Here, Traffic's patent infringement claim "represents nothing more than bare formulaic accusation."  *See id.* (internal quotation omitted).  Traffic's conclusory and unsupported allegation that SFIS placed its "product into the stream of commerce throughout the United States" is clearly insufficient.  (Complaint, ECF No. 1, ¶ 6).  "This case is not a close call, regardless of how one articulates the stream of commerce theory."  *AFTG-TG, LLC*, 689 F.3d at 1365.  This bare legal conclusion masquerading as a factual allegation cannot serve as basis for a finding of personal jurisdiction.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Instead, SFIS has confirmed that it does not have any facilities or systems within Texas,

8

generates no revenue from customers in Texas, and does not provide any traffic related services in Texas.  (Smith Decl., ¶¶ 4–6.)

Thus, the evidence shows that the State of Texas does not have specific jurisdiction over SFIS because SFIS has not purposefully directed its activities at the state and such inactivity cannot give rise to a claim of patent infringement.  Indeed, asserting personal jurisdiction over SFIS in Texas would be unreasonable and unfair where virtually no contacts or activities exist.

## IV.   CONCLUSION AND PRAYER

For the foregoing reasons, Defendant SFIS respectfully requests that this Court dismiss Traffic's claims against SFIS.  SFIS also asks for all such further relief, at law and in equity, to which this defendant may be entitled.

Dated: August 18, 2014           */s/Truman H. Fenton*_____

R. William Beard, Jr.  (TX Bar No. 00793318)
**LEAD COUNSEL**
Email: wbeard@kslaw.com
Truman H. Fenton  (TX Bar No. 24059742)
Email: tfenton@kslaw.com
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

**ATTORNEYS FOR DEFENDANT STATE FARM INTERNATIONAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day, August 18, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and its exhibits via the Court's CM/ECF system per Local Rule CV-5(a).  Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Truman H. Fenton*
Truman H. Fenton