**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TRAFFIC INFORMATION, LLC, | |
| Plaintiff, | |
| v. | Case No. 2:14-cv-00713-JRG-RSP |
| FARMERS GROUP, INC., *et al.*, | Lead Case |
| Defendants. | Jury Trial Demanded |

**DEFENDANT MICHAELS STORES, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Michaels Stores, Inc. (hereinafter "Michaels" or "Defendant") hereby provides its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Traffic Information, LLC's ("Plaintiff" or "Traffic Information") Complaint for Patent Infringement ("Complaint") as follows:

## THE PARTIES

1.      Michaels is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.      Michaels admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Michaels admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies that Plaintiff has any viable claim thereunder.

4.      Michaels admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Michaels admits that it conducts business in the State of Texas.  Michaels denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Michaels denies the allegations of Paragraph 6 of the Complaint.

7.      Michaels admits that this Court has personal jurisdiction over it.

8.      Michaels admits that venue is proper in this District.

## INFRINGEMENT OF THE '606 PATENT

9.      Michaels incorporates paragraphs 1-8 of this Answer as if set forth fully herein.

10.     Michaels admits that what appears to be a copy of United States Patent No. 6,785,606 ("the '606 Patent") entitled "System For Providing Traffic Information" is attached as Exhibit 1 to the Complaint.  Michaels is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint, and therefore denies them.

11.     Michaels denies the allegations of Paragraph 11 of the Complaint.

12.     Michaels denies the allegations of Paragraph 12 of the Complaint.

13.     Michaels denies the allegations of Paragraph 13 of the Complaint.

14.     Michaels denies the allegations of Paragraph 14 of the Complaint.

## DEMAND FOR JURY TRIAL

Michaels admits that Plaintiff demands a trial by jury on all issues so triable in this action.  Michaels also demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

## PLAINTIFF'S PRAYER FOR RELIEF

Michaels denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## GENERAL DENIAL

Except as specifically admitted herein, Michaels denies each and every allegation contained in Plaintiff's Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Michaels asserts the following defenses to Plaintiff's Complaint:

### First Affirmative Defense

Michaels does not infringe and has not infringed any claim of the '606 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### Second Affirmative Defense

The '606 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse and/or unenforceability.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches and/or equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by prosecution history estoppel.

**Sixth Affirmative Defense**

To the extent that Plaintiff alleges that this case is exceptional, Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Michaels pursuant to 35 U.S.C. § 285.

**Seventh Affirmative Defense**

Any claim by Plaintiff for damages is limited under 35 U.S.C. § 287.  Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.

**RESERVATION OF RIGHTS**

Michaels reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**PRAYER FOR RELIEF**

Michaels respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that Michaels be awarded its reasonable attorney fees, costs, and such further relief as the Court may deem just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant Michaels Stores, Inc. (hereinafter "Michaels" or "Defendant") asserts counterclaims against Plaintiff/Counterdefendant Traffic Information, LLC ("Plaintiff" or "Traffic Information") as follows:

**NATURE AND BASIS OF ACTION**

1.    This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*  Michaels requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 6,785,606 ("the '606 Patent"); and (ii) the '606 Patent is invalid.

## PARTIES, JURISDICTION, AND VENUE

2.     Michaels is a Delaware corporation with a principal place of business in Irving, Texas.

3.     According to Plaintiff's Complaint, Plaintiff is a limited liability company organized and existing under the laws of the State of Texas.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     This Court has personal jurisdiction over Plaintiff by virtue of the fact that Plaintiff has submitted to the jurisdiction of this Court by bringing the instant action.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## FACTUAL ALLEGATIONS

7.     Upon information and belief, Plaintiff purports to be the owner by assignment of the '606 Patent.

8.     Michaels does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '606 Patent.

9.     Upon information and belief, all claims of the '606 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## CLAIM I

### (Declaratory Judgment of Non-Infringement)

10.     Michaels realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

11.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning Michaels' non-infringement of the claims of the '606 Patent.

12.     Michaels is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '606 Patent.

## CLAIM II

### (Declaratory Judgment of Invalidity of the Patent-in-Suit)

13.     Michaels realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

14.     There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against Michaels for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

15.     Michaels is entitled to a judicial declaration and order that the '606 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Michaels requests judgment in its favor and against Plaintiff as follows:

(i)     Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii)    The Court declare that Michaels has not and does not infringe, induce

infringement, or contribute to the infringement of any claim of the '606 Patent;

(iii)    The Court declare and order that the '606 Patent is invalid;

(iv)    The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Michaels its reasonable attorney fees in this action;

(v)    All costs be taxed against Plaintiff; and

(vi)    Michaels be granted such other and further relief as the Court deems just and proper.

Dated:  September 2, 2014

Respectfully submitted,

/s/ *Robert L. Lee*

Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com
Lindsey M. Yeargin (Ga. Bar No. 248608)
lindsey.yeargin@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

**Attorneys for Defendant**
**Michaels Stores, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of September, 2014, a true and correct copy of the foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Robert L. Lee*
Robert L. Lee