# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>FARMERS GROUP, INC.<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 2:14-cv-00713-JRG-RSP<br>(LEAD CASE) |
| TRAFFIC INFORMATION, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>STATE FARM INTERNATIONAL SERVICES, LLC,<br><br>*Defendant.* | | Case No. 2:14-cv-00718-JRG-RSP |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S OPPOSED MOTION TO SEAL AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), files concurrently an Answer and Counterclaim in response to Plaintiff's First Amended Complaint (Dkt. 16). State Farm's believes the motion to seal should be denied, but is compelled to file its Answer and Counterclaim under seal because Plaintiff insists that the material incorporated and attached as an exhibit is confidential.

## I. FACTUAL BACKGROUND

Plaintiff served infringement contentions on State Farm on August 26. Each page of the document is stamped "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY PURSUANT TO P.R.2-2." Plaintiff's infringement contentions allege infringement by a State Farm instrumentality, but only in combination with systems and components sold and/or operated by non-parties.

The next day, State Farm wrote Traffic to challenge this confidentiality designation. State Farm explained that the document is merely a collection of publicly available information and is therefore not deserving of any confidentiality designation, much less an "Outside Attorneys Eyes Only" designation. (Ex. A, Ltr. Fenton to Quisenberry dated Aug. 27, 2014).

In response, Traffic explained that while the source material is all publicly available, the arrangement of that material is valuable "work product" and Traffic would be damaged by its public release. Traffic also shared two opinions from this district that it believed supported its position.

State Farm's Answer and Counterclaim alleges facts demonstrating the baseless nature of Plaintiff's suit and includes factual allegations drawn from Plaintiff's infringement contentions. State Farm's sole asserted counterclaim seeks a declaration of non-infringement and asks the Court to hold Plaintiff and its counsel jointly and severally liable for State Farm's attorney fees and costs incurred in this case.

## II. ARGUMENT AND AUTHORITY

This motion applies to two different documents that have been filed with the Court, 1) an Answer and Counterclaim and 2) Plaintiff's infringement contentions. These documents set forth and support State Farm's request for affirmative judicial action in the form of declaratory

relief and recovery of attorney fees and costs. Courts have adopted a "strong presumption in favor of a common law right of public access to court proceedings." *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)). This presumption may be overcome with a showing that court filings might "harm a litigant's competitive standing." *Id.* (citing *Nixon*, 435 U.S. at 602).

Here, Plaintiff cannot demonstrate any possibility of harm to its "competitive standing" as Plaintiff does not appear to compete with other businesses. Specifically, Plaintiff's business appears to be limited to asserting rights in a family of patents and, as a prerequisite to filing suit, must be the sole owner of each patent it intends to assert. *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 947 (Fed. Cir. 2014) (standing to sue requires joinder of all co-owners); *see also* (Dkt. 31 [Amended Complaint] ¶ 11 (claiming sole ownership of the patent-in-suit in this case)). If this characterization of Plaintiff is correct, Plaintiff cannot demonstrate that it would gain or lose opportunities ***to a competitor*** if its infringement theories were made public.

Because Plaintiff will not be able to overcome the presumption of open access to court proceedings, the Court should deny State Farm's motion to seal its Answer and Counterclaim and should allow State Farm to refile its Answer and Counterclaim as publicly accessible documents so that the public may understand the affirmative relief sought and the bases for that affirmative relief.

Dated: September 22, 2014             /s/ Truman H. Fenton

**KING & SPALDING LLP**

R. William Beard, Jr.  (TX Bar No. 00793318)
**LEAD COUNSEL**
Email: wbeard@kslaw.com
Truman H. Fenton  (TX Bar No. 24059742)
Email: tfenton@kslaw.com
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

**ATTORNEYS FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 22, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and its exhibits via the Court's CM/ECF system per Local Rule CV-5(a).  Any other counsel of record will be served by facsimile transmission and first class mail.


*/s/ Truman H. Fenton*
Truman H. Fenton

## CERTIFICATE OF CONFERENCE

I hereby certify that lead and local counsel for the parties have met and conferred on whether Plaintiff's infringement contentions should be maintained in confidence rather than filed publicly.  Subsequent communications between lead and local counsel confirmed that Plaintiff does not consent to incorporating material from those contentions in a publicly filed pleading.

*/s/ Truman H. Fenton*
Truman H. Fenton