**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRAFFIC INFORMATION, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:14-cv-00713-RWS-RSP |
| | ) | |
| v. | ) | (Lead Case) |
| | ) | |
| FARMERS GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TRAFFIC INFORMATION, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:14-cv-00718-RWS-RSP |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INTERNATIONAL SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR RECONSIDERATION OF
MAGISTRATE JUDGE PAYNE'S ORDER [DKT. 133] DENYING MOTION TO
<u>INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING DOCUMENTS</u>**

Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and Local Rule CV-72, Electronic Frontier Foundation ("EFF") respectfully objects to and requests reconsideration of Magistrate Judge Payne's Order ("the Order", Dkt. 133) issued on July 21, 2015 denying EFF's Motion for Leave to Intervene for the Limited Purpose of Moving to Unseal State Farm's Answer and Associated Exhibits (the "Motion", Dkt. 93).

Previously, Defendant and Counterclaimant State Farm had moved to unseal its Answer and associated exhibits ("Answer", Dkt. 63 through 63-3), which included Traffic Information, LLC's ("Traffic") Infringement Contentions ("Infringement Contentions", Dkt. 63-1). State Farm claimed these documents were not entitled to confidentiality, and thus moved that they be unsealed. *See* Dkt. 64 at 1-2. EFF's Motion sought leave to intervene in order to move to unseal State Farm's Answer and its associated exhibits. *See* Dkt. 93 through 93-2; EFF's Proposed Motion to Unseal, Dkt 94 through 94-3. Judge Payne's Order unsealed State Farm's Answer but left the Infringement Contentions sealed. The Order also denied EFF's Motion as moot. *See* Order at 1-2 (granting in part and denying in part State Farm's Motion to Unseal, Dkt. 64, denying EFF's Motion as moot).

Respectfully, EFF's Motion is not moot: the Order did not provide EFF the relief sought—public access to Traffic's Infringement Contentions—due to an erroneous determination that good cause supports the sealing of Traffic's Infringement Contentions. Due to the seriousness of State Farm's allegations regarding the nature of Traffic's Infringement Contentions, it is now even more important for the public to understand what, exactly, Traffic is alleging infringes its patent.

A court reviews orders denying a motion to intervene *de novo*. Fed. R. Civ. P. 72(b)(3); *see New York Chinese TV Programs v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993)

(holding that in the absence of consent, district court judge must make the final determination as to motion to intervene). As explained below, however, the order fails to even under the more deferential "clearly erroneous" or "contrary to law" standard, see Fed. R. Civ. P. 72(a).[1]

## I.    The Order is Clearly Erroneous and Contrary to Law.

The Order erred in finding good cause to seal Traffic's Infringement Contentions. As EFF noted in its Proposed Motion to Unseal, Dkt. 94 at 5-6, a party *must* file publicly unless it can justify confidentiality pursuant to an applicable statute or protective order. *See* Fed. R. Civ. P. 26(c)(1); *cf.* Federal Circuit Rule 28(d). The party seeking to seal court records "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . ." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)); *see also Droplets, Inc. v. Overstock.com, Inc.*, Case No. 2:11-cv-401-JRG, Order at 1-3 (E.D. Tex. Mar. 3, 2015) (denying a joint motion to seal documents designated as confidential as there was no "showing, in detail, evidence supporting how and why the magnitude of the specific and real harm caused by the disclosure of each document would outweigh the public's compelling interest of open judicial proceedings[.]").

Here, Traffic *did not even try* to show good cause. According to State Farm in its motion to unseal, Traffic itself stated that all the information in the Infringement Contentions was based

---

[1] EFF is aware that at least one other circuit treats motions to intervene as non-dispositive. *See People Who Care v. Rockford Bd. of Educ.*, 171 F.3d 1083, 1089 (7th Cir. 1999); *see also S.E.C. v. Kornman*, 3:04CV1803L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006) (declaring a motion to intervene to be non-dispositive, without analysis). However, given that the Magistrate's Order fully disposed of EFF's limited claim, EFF believes it is properly reviewed *de novo*. *Cf. Caprera v. Jacobs*, 790 F.2d 442, 444 (5th Cir. 1986) (per curiam) (holding that even where original parties consented to magistrate judge, original parties' consent did not bind parties later added to plaintiffs' complaint); *Johnson v. Hines*, No. 93-7076, 1994 WL 16464057, at *2 n.12 (5th Cir. Sept. 15, 1994) (per curiam, unpublished) (citing approvingly *New York Chinese TV Programs* for the position that "consent [to magistrate judge's determination of dispositive issues] can not be inferred from intervenors' status as majority shareholders of consenting plaintiff corporation").

on publicly available information. *See* Dkt. 64 at 2. Traffic never disputed this characterization, and what's more, never opposed State Farm's motion to unseal. *See generally*, Docket. State Farm's motion to unseal should therefore have been granted in full. *See* L.R. CV-7(d) ("In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.").

Traffic may have chosen not to oppose State Farm's motion because it knew it would be unable to muster any legal or factual support for such a position, as explained in EFF's Proposed Motion to Unseal. *See* Dkt. 94 at 8-11. First, infringement contentions based on public information are a legal argument not subject to confidentiality. *See Fractus SA v. Samsung Electronics Co., Ltd.*, Case No. 6:09-cv-203-LED-JDL, Order Denying Motion for Protective Order, ECF No. 410, at 2 (E.D. Tex. June 7, 2010). Second, such contentions are not subject to work product protection once produced to an opposing party. *See Constellation LLC v. Avis Budget Group, Inc.*, No. 5:07-cv-38, 2007 WL 7658921, at *2 (E.D. Tex. Oct. 30, 2007). Third, public disclosure will not cause competitive harm as Traffic's only business appears to be asserting its patent, and the scope of its patent rights should be readily discernible from the patent itself. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014) ("a patent must be precise enough to afford clear notice of what is claimed"). Fourth, even if the parties had agreed the Infringement Contentions were confidential, which they did not, such an agreement could not, by itself, meet the requirement of good cause. *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1358 (Fed. Cir. 2011). Finally, sealing of entire court records is improper if selective redaction is a feasible alternative. *See Gilead Sciences, Inc. v. Sigmapharm Labs., LLC*, No. 2014-1456, Order at 1-2 (Fed. Cir. Nov. 19, 2014) (ordering a party to show cause why legal

arguments not entitled to confidentiality were redacted from its publicly filed brief), available at http://law.justia.com/cases/federal/appellate-courts/cafc/14-1456/14-1456-2014-11-19.html.

Absent some basis for good cause, the Order should not stand. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (finding that magistrate's entry of a protective order was an abuse of discretion where the request for the order was "unsupported by a 'particular and specific demonstration of fact'" and movant made only conclusory allegations of harm).

Furthermore, the Order's failure to provide any reasons in support of its statement that "good cause supports the sealing of [Traffic's Infringement Contentions]," see Order at 1, is itself an abuse of discretion: "[i]n determining whether to restrict the public's access to court documents, the court ***must*** weigh the interests advanced by the parties in light of the public interest and the duty of the courts." *In re Violation of Rule 28(d)*, 635 F.3d at 1357 (quotation omitted, emphasis added).

## II.    EFF's Motion is Not Moot.

The Order found that its partial unsealing of State Farm's Answer mooted EFF's separate Motion to Intervene. Order at 2. It did not. The relief requested by EFF has not been given: Traffic's Infringement Contentions (which were Exhibit 1 to State Farm's Answer) remain entirely sealed, and the Court has failed to justify that sealing.

EFF has a continuing stake in access to the record of this proceeding. *See* Reply in Support of EFF's Motion, Dkt. 108, at 4 (collecting cases supporting challenges to confidentiality orders after a case has been terminated). EFF has shown it is a proper intervenor. *See EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (noting that "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders"). EFF has standing to intervene. *See Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926-27 (5th Cir.

1996). EFF's motion is timely. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778-79 (3d Cir. 1994). And EFF has a demonstrated interest in shedding light on the functioning of our patent system. *See* Motion at 4-5; Decl. of Vera Ranieri, Dkt. 93-1, at ¶¶ 3-16.

Furthermore, the Order itself shows why the Infringement Contentions should be unsealed. State Farm's Answer, now unsealed, cites and refers to Traffic's Infringement Contentions. *See* Answer, Dkt. 63 at Counterclaims, ¶¶ 13-101. Given the allegations State Farm makes regarding Traffic's Infringement Contentions and their allegedly spurious nature, it is now even more important that the public see Traffic's statements, in its *own* words, regarding how it is asserting its patents and using the court system. *See* Motion at 4-5 (noting how the public would benefit from learning about Traffic's claims); Decl. of Vera Ranieri, Dkt. 93-1, ¶¶ 3-16 (describing EFF's advocacy and reporting related to patents and how EFF relies on publicly filed information to do so); Proposed Motion to Unseal, Dkt. 94, at 6-7 (describing how the public would benefit from the unsealing of Traffic's Infringement Contentions).

**CONCLUSION**

For the foregoing reasons, EFF respectfully objects to the Order and requests it be revised to grant EFF's Motion to Intervene and consider EFF's Motion to Unseal, or alternatively, to order the unsealing of Traffic's Infringement Contentions, Dkt. 63-1.

Dated: August 3, 2015        ELECTRONIC FRONTIER FOUNDATION
       /s/ Vera Ranieri
       Vera Ranieri (CA Bar No. 271594, admitted E.D. Tex)
       Daniel K. Nazer (CA Bar No. 257380, admitted E.D. Tex)
       ELECTRONIC FRONTIER FOUNDATION
       815 Eddy Street
       San Francisco, CA 94109
       Phone: (415) 436-9333
       Email: vera@eff.org
               daniel@eff.org
       *Attorneys for Proposed Intervenor*
       *Electronic Frontier Foundation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date of filing this document, I caused a true copy of the foregoing to be filed using the Court's Electronic Case Filing system, which served a copy on all counsel of record via e-mail.

/s/ Vera Ranieri
Vera Ranieri